UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES K. BAY, | ) |
| Movant, | ) |
| v. | ) Case No. 4:12-CV-2162 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court upon the motion of James K. Bay to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition.

I. **Background**

On June 10, 2010, a superseding indictment charged Bay with manufacturing actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count I); possession with intent to distribute actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1) (Count III); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count IV). The charges stemmed from a warrantless search of Bay's residence and his arrest in St. Francois County, Missouri.

Bay filed pretrial motions to suppress evidence seized during the search of his property and to suppress statements. Both motions were denied. After Bay waived his right to a jury, the case proceeded to trial and the Court found Bay guilty on all counts. He was sentenced to a term of imprisonment of 140 months.

On appeal, Bay challenged the denial of his motions to suppress. The court of appeals affirmed the judgment. United States v. Bay, 662 F.3d 1033 (8th Cir. 2011).

II. Discussion

In the instant motion, Bay asserts: (1) that this Court erred in denying his motions to suppress; and (2) that he was denied effective assistance of counsel at the suppression hearing. For the following reasons, Bay is not entitled to relief on either claim he asserts in the motion.

With respect to Bay's first claim, the issue of the validity of the search and the admissibility of Bay's statements was presented and determined on appeal. Bay, 662 F.3d at 1035-36. It is well-settled that claims raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to 28 U.S.C. § 2255. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003).

As to the second claim, to prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of the test, counsel has wide latitude to make tactical decisions and therefore judicial scrutiny must be highly deferential to those decisions. Id. at 689. The movant must overcome the presumption that the challenged action(s) might be considered sound trial strategy given the circumstances. Id. Under the second prong of the test, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The record of the criminal proceedings reflects that Bay's attorney challenged

the seizure and the admissibility of Bay's statements both before and during the trial. Defense counsel thoroughly cross-examined the witnesses at the suppression hearing, and he filed a lengthy objection to the magistrate judge's recommendation that the motions to suppress be denied. <u>United States v. James K. Bay</u>, Case No. 4:10-CR-164 (CEJ) (E.D. Mo.)(Doc. ## 59, 67). Bay has not identified any argument that his attorney could have made or any evidence that his attorney could have presented that would have brought about a different ruling on the motions. Thus, Bay has not demonstrated that his attorney's performance fell below an objective standard of reasonableness or that he suffered prejudice.

### III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Bay is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in his motion. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Bay has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2013.